Nott, J.
Whether the proceedings in this case were regular, according to the laws and practice of the courts of Virginia, was *544 for their courts to determine, and not for this court. But whether the certificate accompanying them is such as to entitle them to be given in evidence in our courts, is for us to determine. I am of °P‘n‘on >fc *s not- For, however intimately connected the parties may appear to be, we must consider this record either embracing two cases, one against Moore and the other against Rosseau ; or ive must consider it as one case against Jones and Rosseau, and not against Jones alone. In either case the certificate is defective, for it does not reach the proceedings against Rosseau at all: it barely states that the “ foregoing is a true and correct transcript of the record and proceedings had in the suit wherein G. & C. Lindenberger are plaintiffs, and J. Jones, defendant.” The true construction of which is, that as far as the transcript relates to Jones, it is true ; but so far as the transcript relates to Rosseau, who is the only defendant in this court, it is unsupported, by any evidence. The motion, therefore, must be refused.
Grimke, Smith, Bay, and Brevard, Js., concurred.
ColcocK, J.
I cannot conceive that it is proper to nonsuit the plaintiff in this case ; for it is clear, that the judgment was obtained against the defendant, Rosseau, as well as Jones, and the omission of the clerk to call it a judgment against Rosseau, does not alter the judgment: perhaps it may be customary, for the clerks of the Virginia courts to certify in this way. As the suit appears to be carried on against both in the same proceedings, it might lead to this mode of expression. At all events, the exemplification is, in my opinion, in conformity with the requisites of the act of Congress. I am, therefore, in favor of the motion.